# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Willie James, a/k/a Mutcey, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:03-2552-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On August 4, 2003, pursuant to 28 U.S.C. § 2255, Willie James ("petitioner") commenced this pro se action attacking his sentence. On November 13, 2003, the government moved for summary judgment. On November 19, 2003, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On December 15, 2003, the petitioner responded to the government's motion for summary judgment.

On January 24, 2005, the Court vacated the petitioner's judgment of conviction and entered a new judgment from which an appeal could be taken. The Court granted the government's motion for summary judgment as to the rest of the petitioner's claims. On February 7, 2005, the petitioner filed a motion to reconsider the claims dismissed in the order listed above.

In his motion for reconsideration, the petitioner claims that counsel was ineffective for not objecting to a one point criminal history enhancement to his sentence for a state court conviction on the grounds that he was not convicted of the state charges and he had no legal representation during the state court proceedings.[1]

---

[1] The Court determined that the petitioner's sentence was correctly enhanced one criminal history point for a state court conviction of disregarding a stop sign, driving without a license, possession of marijuana, and a seat belt

In interpreting Rule 59(e), the Fourth Circuit Court of Appeals has recognized that there are only "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>Pacific Ins. Co. v. American Nat. Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998). The petitioner's motion disagrees with the Court's previous judgment but does not advance any arguments which would warrant amending it. Moreover, under the Court's January 25, 2005 order, the Petitioner will be allowed to challenge his sentence on direct appeal.

The Court therefore denies the petitioner's motion to reconsider the Court's prior ruling. Accordingly, the Court hereby upholds its previous ruling and dismisses this action.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 18, 2005
Charleston, South Carolina

---

violation. Counsel, therefore, was not ineffective for failing to object to the enhancement. The petitioner's Presentence Report reveals that the petitioner paid a fine as a result of this arrest. The logical conclusion is that the petitioner was convicted of the charges.